**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**PRENTISS MITCHELL**     **Plaintiff**

**v.**     **No. 3:24-cv-00052-MPM-RP**

**MERCEDES-BENZ FINANCIAL
SERVICES USA LLC**     **Defendant**

**ORDER**[1]

This cause comes before the Court on Defendant Mercedes-Benz Financial Services USA LLC's ("MBFS") Motion to Compel Arbitration and Stay Proceedings [22] pursuant to the Federal Arbitration Act ("FAA") and the Mississippi Arbitration Act. Plaintiff has responded in opposition to Defendant's motion. The Court has reviewed the record, along with applicable case law, and is now prepared to rule.

**FACTUAL BACKGROUND**

This dispute arises out of MBFS's unlawful repossession of Mr. Mitchell's 2015 Mercedes-Benz C300w4. On January 4, 2018, Mr. Mitchell entered a contract with MBFS to finance the purchase of his vehicle and agreed to make 72 monthly payments in the amount of $573.56 beginning in February of 2018. On May 10, 2023, Mr. Mitchell paid off the remaining balance on the vehicle and subsequently titled the vehicle in his name free of any lienholders. On August 17,

---

[1] This order amends Docket No. 28 by clarifying that this Court does not assert jurisdiction over the state court where this action was previously filed. This court will, however, utilize an administrative closure, a standard procedural device to remove from the Court's docket suits which have been stayed or are temporarily active elsewhere. The effect of an administrative closure is no different from a simple stay, except that it affects the count of active cases pending on the court's docket; i.e., administratively closed cases are not counted as active. *See Lehman v. Revolution Portfolio LLC*, 166 F.3d 389, 392 (1st Cir. 1999) ("This method is used in various districts throughout the nation in order to shelve pending, but dormant, cases."). The Fifth Circuit has endorsed this procedural device, *see Mire v. Full Spectrum Lending Inc.*, 389 F.3d 163, 167 (5th Cir. 2004), which will in no way effect either party's right to raise whichever arguments or motions they see fit and does not constitute a dismissal of the case.

2023, MBFS hired a third-party repossession company to repossess Mr. Mitchell's vehicle under the mistaken belief that Mr. Mitchell was behind on his repayment obligations. MBFS admits that Mr. Mitchell paid the full balance on the vehicle but contends that Mr. Mitchell did not timely make all required monthly payments under the contract. MBFS asserts that the wrongful repossession of Mr. Mitchell's vehicle was in connection with his prior default payments.

MBFS removed this case from state to federal court when both parties stipulated to the dismissal of all non-diverse defendants from the state suit. Upon removal, Mr. Mitchell amended his state-court complaint to include allegations of wrongful repossession, extortion, conversion, intentional infliction of emotional distress, defamation, and other financial loss. MBFS moves this Court to compel arbitration of Mr. Mitchell's claims pursuant to an arbitration provision contained in the financing contract and to stay the claims pending arbitration.

## DISCUSSION

The FAA "expresses a strong national policy favoring arbitration of disputes, and all doubts concerning the arbitrability of claims should be resolved in favor of arbitration." *Tristar Fin. Ins. Agency, Inc. v. Equicredit Corp. of Am.*, 97 F. App'x 462, 463 (5th Cir. 2004) (quoting *Primerica Life Ins. Co. v. Brown*, 304 F.3d 469, 471 (5th Cir. 2002)). To determine if arbitration should be enforced, the first question to be addressed is whether the parties agreed to arbitrate the dispute in question. *Am. Heritage Life Ins. Co. v. Lang*, 321 F.3d 533, 537 (5th Cir. 2003). To make this determination, the court considers "(1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of that agreement." *Id*. (quoting *Webb v. Investacorp, Inc.*, 89 F.3d 252, 258 (5th Cir. 1996)). Ordinary contract principles apply to this analysis. *Id*. at 538. A court cannot compel a party to arbitrate when it never agreed to. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 19-20 (1983).

**I.    Arbitrability**

As to the first prong of the two-step inquiry, it is undisputed that Mr. Mitchell entered a financing agreement with MBFS containing an arbitration provision. The provision contains broad language regarding any claim or dispute subject to arbitration, specifically:

> Any claim or dispute, whether in contract, tort, statute or otherwise (**including the interpretation and scope of this Arbitration Provision, and the arbitrability of the claim or dispute**), between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, **purchase or condition of this vehicle**, this contract **or any resulting transaction or relationship** (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action.

As to the second prong, the Court must determine whether the dispute in question falls within the scope of the agreement. MBFS asserts that the delegation clause contained in the arbitration provision requires the parties to submit the dispute to an arbitrator to resolve threshold questions of arbitrability. "[A] valid delegation clause requires the court to refer a claim to arbitration to allow the arbitrator to decide gateway arbitrability issues." *Kubala v. Supreme Prod. Servs., Inc.*, 830 F.3d 199, 202 (5th Cir. 2016). Therefore, the arbitration provision applies to Mr. Mitchell in this case, as the provision includes a delegation clause whereby the parties have agreed that the interpretation and scope of the agreement would be resolved by an arbitrator. Furthermore, this Court finds that Mr. Mitchell's claims relate to the purchase or condition of the vehicle in dispute as the wrongful repossession of the vehicle was in connection with Mr. Mitchell's prior default payments under the contract. *Def.'s Reply Mem.* [27].

## II.     Enforcement of Arbitration Clause

The determinative issue before this Court is whether the expiration of the contract deems the arbitration provision unenforceable. Mr. Mitchell contends that he should not be bound to the arbitration provision contained in the contract because the contract expired three months prior to the unlawful repossession when he paid off the full balance on his vehicle, and thus, the contract and the incorporated arbitration provision are unenforceable. A dispute should go to arbitration under the terms of an expired collective bargaining agreement if the dispute arises under the agreement. *Tristar*, 97 F. App'x at 466 (citing *Litton Financial Printing Division v. NLRB*, 501 U.S. 190 (1991)). A dispute arises under an agreement if "it involves facts and occurrences that arose before expiration, where an action taken after expiration infringes a right that accrued or vested under the agreement, or where, under normal principles of contract interpretation, the disputed contractual right survives expiration of the remainder of the agreement." *Litton*, 501 U.S. at 206. Although *Litton* involved a labor arbitration dispute, the Fifth Circuit applied the Supreme Court's interpretation to an expired service agreement and ordered the district court to compel arbitration where the dispute concerned claims based on facts and occurrences that arose before expiration of the service agreement. *Tristar*, 97 F. App'x at 466.

The Fifth Circuit has also held "the termination of an agreement containing an arbitration clause does not automatically extinguish the parties' duty to arbitrate disputes." *Richland Equip. Co., Inc. v. Deere & Co.*, 745 F. App'x 521, 524 (5th Cir. 2018) (citing *Nolde Bros., Inc. v. Local No. 358, Bakery & Confectionery Workers Union, AFL-CIO*, 430 U.S. 243, 251 (1977); *see also Rive v. Briggs of Cancun, Inc.*, 82 F. App'x 359, 363 (5th Cir. 2003)). To hold otherwise would create disorder and unpredictability. *Id*; *and* s*ee Nolde*, 430 U.S. at 250-51. In tandem, this Court is bound by Fifth Circuit and Supreme Court precedent and agrees with the defendant's position

4

here. As previously stated, Mr. Mitchell's claims fall within the scope of the arbitration provision to which he agreed, and the dispute in question involves facts and occurrences that arose prior to the expiration of the agreement. MBFS concedes the repossession of Mr. Mitchell's vehicle was wrongful; however, the repossession was in connection with Mr. Mitchell's prior default payments under the contract, and therefore, the termination of the contract does not render such claims free from arbitration. Thus, the delegation clause contained within the arbitration provision would also apply to Mr. Mitchell's dispute and must be submitted to an arbitrator to resolve the threshold question of arbitrability.

### III. Waiver of Arbitration

Despite the strong federal policy favoring arbitration, the right to arbitration may be waived. *Tristar*, 97 F. App'x at 464. A "waiver will be found when the party seeking arbitration substantially invokes the judicial process to the detriment or prejudice of the other party." *Price v. Drexel Burnham Lambert, Inc.*, 791 F.2d 1156, 1158 (5th Cir. 1986) (brackets, internal quotation marks omitted). "A party substantially invokes the judicial process by engaging in 'some overt act in court that evinces a desire to resolve the arbitrable dispute through litigation rather than arbitration.'" *Precision Builders, Inc. v. Olympic Grp., L.L.C.*, 642 F. App'x 395, 399 (5th Cir. 2016) (quoting *Subway Equip. Leasing Corp. v. Forte,* 169 F.3d 324, 329 (5th Cir. 1999)). Where a party timely asserts the right to demand arbitration, the party opposing a motion to compel arbitration bears a heavy burden in proving waiver of that right. *Price*, 791 F.2d at 1161. Waiver of arbitration is disfavored, and any doubts regarding an allegation of waiver should be resolved in favor of arbitration. *See Subway Equip. Leasing Corp.*, 169 F.3d at 326; *Moses H. Cone*, 460 U.S. at 25.

Mr. Mitchell asserts that MBFS explicitly waived its right to arbitration when it removed this case to federal court "on the eve of the hearing on its motion to compel arbitration" in state court. *Pl.'s Mem. in Opp'n* [26]. On the contrary, MBFS reasons that it removed this case from state to federal court on the same day that the state court ordered dismissal of the non-diverse parties, to which both the plaintiff and defendant agreed. *Def.'s Reply Mem.* [27]. MBFS's minimal mandated filings in this Court post removal, including its answer to Mr. Mitchell's amended complaint and complying with routine pre-trial procedures, do not amount to a substantial invocation of the judicial process by engaging in post-removal proceedings. Further, the motion to compel arbitration remains pending in state court and no further litigation has occurred since MBFS moved for arbitration in this Court. Therefore, the Court has no reason to believe that MBFS engaged in an overt act that evinces a desire to resolve the dispute through litigation rather than arbitration, and thus, MBFS has not waived its right to arbitration.

## CONCLUSION

For the reasons stated above,

**IT IS, THEREFORE, ORDERED** that Defendant's Motion to Compel Arbitration and Stay Proceedings [22] is **GRANTED**. The parties are required to provide the Court with a quarterly status update of their arbitration proceedings, beginning on January 1, 2025.

This case is hereby stayed and administratively closed pending the outcome of arbitration.

SO ORDERED this 9th day of October, 2024.

/s/Michael P. Mills  
UNITED STATES DISTRICT JUDGE  
NORTHERN DISTRICT OF MISSISSIPPI

6